IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darren Turner on behalf of himself and all others similarly situated, | Civil Action No. 2:16-cv-02864-DCN |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| | **(FLSA Collective Action/Class Action under the S.C. Payment of Wages Act)** |
| BFI Waste Services, LLC d/b/a Republic Services; Republic Services of South Carolina, LLC d/b/a Republic Services; and Republic Services, Inc. | **Jury Trial Requested** |
| Defendants. | |

Plaintiff Darren Turner, individually and on behalf of all other similarly situated individuals, by way of his Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

## NATURE OF THE ACTION

1. This action is brought individually and as a collective action asserting that Plaintiff and all others similarly situated, waste disposal drivers, are entitled to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 §§ 201 *et seq.*, ("FLSA"). The collective action provisions under the FLSA provide for opt-in class participation.

2. Plaintiff also brings this action individually and on behalf of all similarly situated current and former waste disposal drivers in South Carolina pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the South Carolina Payment of Wages Act, South Carolina Code Ann.

§ 41-10-10, *et seq*. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

### PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff Darren Turner ("Turner") is a citizen and resident of Greensboro, North Carolina.

4.     Turner was employed as a nonexempt waste disposal driver for Defendants in North Charleston, South Carolina from approximately August 2013 until May 2014 when he transferred to the Charlotte/Concord, North Carolina facility. Turner has been employed as a nonexempt waste disposal driver for Defendants in Charlotte/Concord, North Carolina from May 2014 until the present.

5.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated nonexempt waste disposal drivers employed by Defendants ("Class Members") during the preceding three years.

6.     Turner's written Consent to Join form is attached hereto as Exhibit A.

7.     Defendants provide waste collection and disposal services to their customers throughout the States of South Carolina, North Carolina, and other states.

8.     Upon information and belief, Defendant BFI Waste Services, LLC is a limited liability company organized and existing pursuant to the laws of the State of Delaware, and has conducted business in South Carolina, North Carolina, Georgia, Florida, Virginia, Tennessee, Alabama, Kentucky, and other states.

9.     Upon information and belief, Defendant Republic Services of South Carolina, LLC ("Republic Services") is a limited liability company organized and existing pursuant to the laws of the State of Delaware, and has conducted business in South Carolina, North Carolina, and

other states. Republic Services provides waste disposal services to customers in South Carolina, North Carolina, and other states.

10.     Upon information and belief, Defendant Republic Services, Inc. is a corporation organized and existing pursuant to the laws of the State of Delaware, and has conducted business in South Carolina, North Carolina, and other states. Republic Services, Inc. is the parent company and 100% owner of both Defendant BFI Waste Services, LLC and Defendant Republic Services of South Carolina, LLC.

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

12.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent and supplemental claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated. Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendants as waste disposal drivers within three (3) years prior to the commencement of this lawsuit. (the "FLSA Class").

3

15. Potential opt-in members of the collective action are similarly situated to Plaintiff. They all held the same job positions and had substantially similar job requirements and pay provisions. They are or were subject to the same common practices, policies, and plans of Defendants. They all suffer damages in the nature of lost overtime and minimum and other wages resulting from Defendants' wrongful conduct.

## SOUTH CAROLINA CLASS ACTION ALLEGATIONS

16. Plaintiff brings the third Cause of Action, the South Carolina Payment of Wage Act ("SCPWA") claims, as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated current and former individuals employed by Defendants as waste disposal drivers by Defendants in South Carolina within three (3) years prior to the commencement of this lawsuit. ("SC Rule 23 Class").

17. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

   a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable, and the disposition of their claims as a class will benefit the parties and the Court;

   b. There are questions of law and/or facts common to the members of the proposed Plaintiff class;

   c. The claims of Plaintiff, the representative of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

   d. Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

18.     In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b) Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual SC Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual SC Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual SC Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual SC Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in impairment of the SC Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means

of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Upon information and belief, Defendants throughout the State of South Carolina violate the SCPWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## STATEMENT OF FACTS

22. Defendants have residential, commercial, and industrial divisions that employ waste disposal drivers.

23. Defendants' waste disposal drivers all collect, transport, and dispose of waste.

24. Defendants' waste disposal drivers are all nonexempt employees under the FLSA.

25. Plaintiff is a nonexempt waste disposal driver for Defendants.

26. Class Members are (and/or were) nonexempt waste disposal drivers for Defendants within the three (3) years prior to the filing of this lawsuit.

27. None of the FLSA exemptions relieving a covered employer of the statutory duty to pay employees overtime at one and one half times the regular rate of pay apply to Defendants, Plaintiff, or the Class Members.

28.     Plaintiff and the Class Members are similarly situated with respect to their job duties, their pay structure, and, as set forth below, the policies of Defendants resulting in FLSA violations.

### Defendants did not pay Plaintiff and Class Members overtime in accordance with the FLSA.

29.     Plaintiff and the Class Members were required to work overtime hours when requested by Defendants and were subject to potential disciplinary action for refusing to work overtime.

30.     Plaintiff and the Class Members regularly worked over forty (40) hours in a workweek as waste disposal drivers.

31.     Plaintiff and the Class Members are compensated by Defendants with a job/day rate as well as other forms of compensation. These other forms of compensation are not in compliance with the day and job rate provisions of 29 C.F.R. § 778.112 and ultimately result in a miscalculation of Plaintiff's and the Class Members' regular rate and resulting overtime compensation. These other forms of compensation (help pay, lift rates, yards pay, downtime pay, hourly pay, and extra pay) may vary by name and amounts, but nevertheless have the same overall effect in invalidating Defendants' attempt to categorize and compensate Plaintiff and the Class Members under the pay provision permitted by 29 C.F.R. § 778.112.

32.     Defendants' calculation of Plaintiff's and the Class Members' regular rate of pay does not comply with the FLSA.

33.     Defendants paid Plaintiff and the Class Members one-half of the regular rate of each hour worked over 40 hours in a workweek.

34.     Defendants paid Plaintiff and the Class Members a day rate, plus other forms of compensation for services.

7

35. In addition to the day rate that Defendants paid Plaintiff and the Class Members, Defendants compensated Plaintiff and the Class Members for the same type of work that they normally performed on an hourly basis. Generally, when Defendants paid Plaintiff and the Class Members on an hourly basis, as opposed to a daily basis, they referred to these hourly payments as "help pay."

36. Defendants also compensated Plaintiff and the Class Members on a basis other than the daily rate basis for what Defendants categorized as "incentive pay," "extra pay," and "miscellaneous pay."

37. Additionally, in the event that Plaintiff and the Class Members finished their route for the day early or needed to work for only half of the day, Defendants, at least at times, did not pay them the day rate, but rather compensated them on an hourly basis and in a lesser amount than the day rate.

38. Defendants also compensated Plaintiff and the Class Members on an hourly basis for "down time pay."

39. Defendants also compensated Plaintiff and the Class Members with "DTS Rewards" through their "Dedicated to Safety" ("DTS") Program wherein Plaintiff and the Class Members would be compensated by way of incentive pay in the form of "points" which could be used to purchase a vast variety of items from an online website.

40. Moreover, Defendants compensated Plaintiff and the Class Members for mandatory "safety training" and/or "safety meetings" on an hourly pay basis.

41. Plaintiff and the Class Members were hired to work a regular workweek consisting of forty (40) hours per workweek and it was Plaintiff's understanding that his wages would

compensate him for a forty (40) hour workweek as Defendants had notified him at the time of hire.

42. Plaintiff and the Class Members were required to work overtime hours when requested by Defendants, and were subjected to potential disciplinary action for refusing to work overtime.

43. Plaintiff and the Class Members regularly worked over forty (40) hours in a workweek as waste disposal drivers.

44. For example, during a typical workweek, Plaintiff worked six days per week, Monday through Saturday, from approximately 6:00 A.M. until 4:00 P.M. on Monday through Friday and from approximately 6:00 A.M. until 12:00 P.M. on Saturday.

45. In calculating Plaintiff's and the Class Members' overtime pay rate, Defendants calculated Plaintiff's and the Class Members' regular rate of pay by dividing the total amount of compensation by the total hours worked in a workweek.

46. Defendants' calculation of Plaintiff's and the Class Members' regular rate of pay does not comply with the FLSA.

47. Defendants did not pay Plaintiff or the Class Members time and one-half for hours worked over forty (40) hours in a workweek and, instead, utilize the "fluctuating work week" method to pay employees only half-time for hours worked over forty (40) hours in a workweek.

48. The FLSA requires non-exempt employees to be compensated for overtime work at the mandated overtime pay rate.

49. Plaintiff and the Class Members were entitled to receive time and one-half compensation for all hours worked over forty (40) hours in a workweek.

50. The payment scheme used by Defendants to pay Plaintiff and the Class Members did not comply with the FLSA.

9

51. Defendants violated and continue to violate the FLSA by failing to pay its waste disposal drivers, including Plaintiff and the Class Members, time and one-half for each hour worked in excess of forty (40) hours per workweek.

52. As Defendants' employees, Plaintiff and the Class Members were subjected to the same or a substantially similar payment scheme, as described above.

53. On several occasions, Plaintiff and other similarly situated drivers complained to management that their overtime was not being calculated correctly and pleaded with them to correct it.

54. In response to Plaintiff's and other similarly situated drivers' complaints, Republic Services management told Plaintiff and other drivers that they were paid "Chinese overtime," that paying only "Chinese overtime" was Republic's corporate-wide policy, and that the company would not pay them overtime at the regular rate of one and one half times their pay.

### **Deductions for "Meal Periods" and "DTS Rewards."**

55. Defendants have a policy that requires their employees, including Plaintiff and the Class Members, to take a thirty (30) minute meal period each and every workday.

56. Defendants are aware that Plaintiff and the Class Members regularly work through their 30-minute meal periods.

57. When calculating Plaintiff's and the Class Members' hours each pay period, Defendants deducted thirty (30) minutes from Plaintiff's and the Class Members' daily on-the-clock hours. In other words, for each 5-day workweek, Defendants deducted 2.5 hours from each workweek's total on-the-clock hours. For a 6-day workweek, Defendants deducted 3 hours from each workweek total on-the-clock hours.

58. Defendants were aware that Plaintiff and the Class Members regularly worked through the required 30-minute meal period.

59. Defendants' systematic deduction of the 30-minute meal period from Plaintiff's and the Class Members' on-the-clock time resulted in Plaintiff and the Class Members working overtime hours for which they were not compensated.

60. Defendants' systematic deduction of the 30-minute meal period from hours worked in excess of forty (40) hours per workweek deprived Plaintiff's and the Class Members of overtime pay in violation of the FLSA.

61. Plaintiff and the Class Members were subjected to the same or a substantially similar policy, practice, or scheme of having the 30-minute meal period deducted from their on-the-clock time, as described above.

62. Defendants also had (and continue to have) a policy known as the "Dedicated to Safety" Program wherein they provide incentive pay by compensating employees with "points" which can be used to purchase a vast variety of items on an online website, https://propelhq.incentiveusa.com.

63. Defendants provided these "rewards" to Plaintiff and the Class Members on both a quarterly and annual basis for meeting Defendants' criteria for safe operation of their waste trucks.

64. When Defendants provided these DTS "rewards" to Plaintiff and the Class Members, they would make improper deductions from Plaintiff's and the Class Members' other wages, including day rate wages and hourly wages, without a legally sufficient reason for doing so, and without providing any advance written notice to Plaintiff and the Class Members of the deductions from their pay.

11

65. Defendants did not keep accurate records of wages earned or of hours worked by Plaintiff and others similarly situated, nor did Defendants provide Plaintiff and others similarly situated with itemized statements illustrating their hours worked, their pay, or deductions made from their pay.

## FIRST CAUSE OF ACTION
### Violation of Fair Labor Standards Act 29 U.S.C. § 207
### (Brought on behalf of Plaintiff and the FLSA Collective)

66. Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

67. This cause of action arises from Defendants' violations of the FLSA, 29 U.S.C. § 207, for its failure to pay Plaintiff and other similarly situated employees at the proper overtime rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

68. As set forth above, Plaintiff, and all other similarly situated employees, were or have been employees of Defendants within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

69. As set forth above, Defendants were "employer[s]" of Plaintiff, and all other similarly situated employees, within the meaning of 29 U.S.C. § 203(d).

70. At all times pertinent hereto, Defendants engaged in interstate commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s).

71. At all times pertinent hereto, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 0/100 ($500,000.00) Dollars. Alternatively, Plaintiff, and all other similarly situated employees, worked in interstate commerce so as to fall within the protection of the FLSA.

72. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

73.     Plaintiff and other similarly situated individuals regularly work or worked well more than forty (40) hours per week every week, usually at least fifty-six (56) or more hours per week.

74.     Defendants failed to pay Plaintiff and other similarly situated employees at the overtime rate of one and one half times the normal rate of pay for all hours worked over forty (40) per workweek as further described above.

75.     Defendants' practice of failing to pay Plaintiff and the Class Members the time and a half rate for hours in excess of forty (40) hours per workweek violates the FLSA. 29 U.S.C. § 207.

76.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff and the Class Members.

77.     Defendants' failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since the company's conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

### SECOND CAUSE OF ACTION
**Violation of South Carolina Payment of Wages Act S.C. Code § 41-10-10, et. al.**
**(Brought on behalf of Plaintiff and the SC Rule 23 Class)**

78.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

79.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the SC Class members within the meaning of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 ("SCPWA"). Plaintiff and the SC Class members are "employees" within the meaning of the SCPWA and are not free from the control and direction of Defendants.

80. Defendants are an "employer" as defined by the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10(1), because they employ individuals in the State of South Carolina.

81. Pursuant to S.C. Code Ann. § 41-10-40(C) of the SCPWA, "[e]very employer shall notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment . . . ." and the "employer shall furnish each employee with an itemized statement showing his gross pay and the deductions made from his wages for each pay period."

82. Defendants willfully failed to provide Plaintiff and others similarly situated with proper notice at the time of their hiring as required by the law nor did Defendants provide them with compliant wage statements for each of their pay periods as required by the law.

83. Pursuant to S.C. Code Ann. § 41-10-40(C) of the SCPWA, "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law . . . ."

84. Further, "any changes [to] the terms [of wages] must be made in writing at least seven calendar days before they become effective." S.C. Code Ann. § 41-10-30(A).

85. Defendants, however, did not pay Plaintiff and the SC Class members all wages due to them, nor did Defendants provide Plaintiff and the SC Class members with at least seven days advance written notice of the deductions or the amounts of the deductions Defendants made to their paychecks.

86. For example, Defendants made unauthorized and illegal deductions from the wages of Plaintiff and the SC Class members for improper reasons and without advance written notice when they made deductions from their pay in connection with DTS "rewards" they received.

87. Accordingly, Plaintiff and the members of the SC Class are entitled to receive all compensation of "wages" due and owing to them.

88. Defendants willfully failed to pay Plaintiff and others similarly situated "wages" as defined in section 41-10-10(2) of the SCPWA for all work performed, according to the law.

89. Defendants have withheld wages of the Plaintiff and others similarly situated without providing advance notice of such amounts and absent any lawfully sufficient reason for such conduct.

90. As a direct and proximate result of Defendants' willful conduct, Plaintiff and others similarly situated have suffered substantial losses and have been deprived of compensation to which they are entitled, including monetary damages in the amount of three (3) times the amount of their unpaid wages as well as costs and reasonable attorneys' fees pursuant to S.C. Code Ann. § 41-10-80 of the SCPWA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

    a.    An order authorizing the sending of appropriate notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act;

    b.    A declaratory judgment that Defendants have willfully and in bad faith violated the overtime wage provisions of the FLSA, and have deprived Plaintiff and the FLSA Collective Members of their rights to such compensation;

      c.      An order requiring Defendants to provide a complete and accurate accounting of all the overtime wages to which Plaintiff and the FLSA Collective Members are entitled;

      d.      An award of monetary damages to Plaintiff and the FLSA Collective Members in the form of back pay for unpaid overtime wages due, together with liquidated damages in an equal amount;

      e.      Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable laws

      f.      Pre-judgment interest;

      g.      An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act suffered by the SC Rule 23 Class;

      h.      An award of monetary damages to Plaintiff and the members of the SC Rule 23 Class in the form of back pay for all unpaid wages due, together with treble damages pursuant to the South Carolina Payment of Wages Act;

      i.      Attorneys' fees and costs; and

      j.      Such further relief as the Court deems just and proper.

{*signature page follows*}

FALLS LEGAL, LLC

s/ J. Scott Falls
J. Scott Falls
Federal I.D. No. 10300
E-mail: scott@falls-legal.com
Ashley L. Falls
Federal I.D. No. 12083
E-mail: ashley@falls-legal.com
245 Seven Farms Drive, Suite 250
Charleston, South Carolina 29492
Telephone: (843) 737-6040
Facsimile: (843) 737-6140

WERMAN SALAS P.C.

Douglas M. Werman
IL Bar No.: 6204740
E-mail: dwerman@flsalaw.com
Zachary C. Flowerree
IL Bar No.: 6305935
E-mail: zflowerree@flsalaw.com
77 W. Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025

*Pro Hac Vice Forthcoming*

**Counsel for Plaintiff Darren Turner and Darren Turner, on behalf of himself and all others similarly situated**

Charleston, South Carolina
August 17, 2016