IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darren Turner on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>BFI Waste Services, LLC d/b/a Republic Services; Republic Services of South Carolina, LLC d/b/a Republic Services; and Republic Services, Inc.,<br><br>        Defendants. | Civil Action No. 2:16-cv-02864-DCN |

## ANSWER AND DEFENSES TO PLAINTIFFS'COLLECTIVE ACTION COMPLAINT

Defendants BFI Waste Services, LLC, (incorrectly named as "d/b/a Republic Services"), Republic Services of South Carolina, LLC (incorrectly named as "d/b/a Republic Services"), and Republic Services, Inc. (collectively "Defendants") respectfully file this Answer and Defenses to Plaintiff's Collective Action Complaint (the "Complaint"). The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in Plaintiff's Complaint. To the extent the allegations within Plaintiff's Complaint are not expressly admitted, they are hereby denied.

## NATURE OF THE ACTION

1.     There are no factual allegations set forth in Paragraph 1 of Plaintiff's Complaint, and thus, no response is required. To the extent a response is required, Defendants admit Plaintiff purports to bring this action individually and on behalf of "all others similarly situated, waste disposal drivers" to recover unpaid overtime and other damages under the FLSA. Defendants also admit that the FLSA allows for opt-in collective actions. Defendants deny that

this lawsuit is suitable for collective action treatment, deny that they violated the FLSA, and deny that other employees are "similarly situated" to Plaintiff or to each other.

2.     There are no factual allegations set forth in Paragraph 2 of Plaintiff's Complaint, and thus, no response is required.  To the extent a response is required, Defendants admit Plaintiff purports to bring this action individually and on behalf of all "all similarly situated current and former waste disposal drivers in South Carolina" pursuant to an opt-out class under F.R.C.P. 23 to recover damages for alleged violations of the South Carolina Payment of Wages Act ("SCPWA").  Defendants deny that this lawsuit is suitable for class action treatment, deny that they violated the SCPWA, and deny that other employees are "similarly situated" to Plaintiff or to each other.

## PARTIES, JURISDICTION, AND VENUE

3.     Defendants admit that Turner's last known address is in Greensboro, North Carolina.

4.     Defendants admit that Turner was employed by Republic Services of South Carolina, LLC as a nonexempt waste disposal driver at the North Charleston, South Carolina facility from approximately August 2013 until May 2014 when he transferred to the Charlotte/Concord, North Carolina facility. Defendants also admit that Turner has been employed by BFI Waste Services, LLC as a nonexempt waste disposal driver at the Concord, North Carolina facility from May 2014 until the present.  Defendants deny the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5.     There are no factual allegations set forth in Paragraph 5 of Plaintiff's Complaint, and thus, no response is required.  To the extent a response is required, Defendants admit Plaintiff purports to bring this action on behalf of himself of "all other similarly situated nonexempt waste disposal drivers employed by Defendants" during the preceding three years.

Defendants deny that this lawsuit is suitable for collective action treatment, deny that they violated the FLSA, deny that other employees are "similarly situated" to Plaintiff or to each other, and deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6.    Defendants admit the allegation in Paragraph 6 of Plaintiff's Complaint.

7.    Defendants admit that Republic Services of South Carolina, LLC provides waste collection and disposal services to customers in some locations in South Carolina. Defendants also admit that BFI Waste Services, LLC provides waste collection and disposal services to customers in some locations in North Carolina. Defendants deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8.    Defendants admit that Defendant BFI Waste Services, LLC is a limited liability company organized in the State of Delaware, and has conducted business in North Carolina and other states. Defendants deny the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9.    Defendants admit that Defendant Republic Services of South Carolina, LLC is a limited liability company organized in the State of Delaware, and has conducted business in South Carolina. Defendants also admit that Republic Services of South Carolina, LLC provides waste collection and disposal services to customers in some locations in South Carolina and North Carolina. Defendants deny the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10.    Defendants admit that Republic Services, Inc. is a corporation, was incorporated in the State of Delaware, and is the parent company and 100% owner of Defendant Republic Services of South Carolina, LLC. Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.    Defendants admit that Plaintiff has attempted to invoke the jurisdiction of this Court under the Fair Labor Standards Act of 1938, as amended, and 28 U.S.C. § 1331. Defendants admit that this Court has subject-matter jurisdiction over Plaintiff's FLSA claims, but deny that Plaintiff or any of the putative Class Members are entitled to recover any damages or other relief in this lawsuit under the FLSA or that this lawsuit is suitable for collective action treatment.

12.    Defendants admit that Plaintiff has attempted to invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367. Defendants deny the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13.    Defendants admit that venue for Plaintiff's individual FLSA and state-law claims are proper in the District of South Carolina, Charleston Division. Defendants deny the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

<b><u>COLLECTIVE ACTION ALLEGATIONS</u></b>

14.    There are no factual allegations set forth in Paragraph 14 of Plaintiff's Complaint, and thus, no response is required. To the extent a response is required, Defendants admit Plaintiff purports to bring this action as a collective action under the FLSA, and purports to define the "FLSA Class" as "those individuals who are or were employed by Defendants as waste disposal drivers within three (3) years prior to the commencement of this lawsuit". Defendants deny that this lawsuit is suitable for collective action treatment, deny that they violated the FLSA, deny that other employees are "similarly situated" to Plaintiff or to each other, deny that Republic Services, Inc. is or was Plaintiff's or any potential FLSA Class Members' employer, and deny the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15.    Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint.

## SOUTH CAROLINA CLASS ACTION ALLEGATIONS

16. There are no factual allegations set forth in Paragraph 16 of Plaintiff's Complaint, and thus, no response is required. To the extent a response is required, Defendants admit Plaintiff purports to bring claim under the South Carolina Payment of Wages Act as an opt-out class under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and "all similarly situated current and former individuals employed by Defendants as waste disposal drivers by Defendants in South Carolina within three (3) years prior to the commencement of this lawsuit." Defendants deny that this lawsuit is suitable for class action treatment, deny that they violated the SCPWA, deny that other waste disposal drivers in South Carolina are "similarly situated" to Plaintiff or to each other, deny that Republic Services, Inc. is or was Plaintiff's or any potential SC Rule 23 Class Members' employer, and deny the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations in Paragraph 17, including subparts (a) – (d), of Plaintiff's Complaint and deny that this lawsuit is suitable for class action treatment.

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint and deny that this lawsuit is suitable for class action treatment.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint and deny that this lawsuit is suitable for class action treatment.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint and deny that this lawsuit is suitable for class action treatment.

21. Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint and deny that this lawsuit is suitable for class action treatment.

## STATEMENT OF FACTS

22.     Defendants admit that Defendant Republic Services of South Carolina, LLC and Defendant BFI Waste Services, LLC employ residential, commercial, and industrial waste disposal drivers.   Defendants deny the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants admit that Republic Services of South Carolina, LLC and Defendant BFI Waste Services, LLC's waste disposal drivers collect, transport and dispose of waste. Defendants deny the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants admit that Republic Services of South Carolina, LLC and Defendant BFI Waste Services, LLC classify their residential, commercial, and industrial drivers as non-exempt employees.   Defendants deny the remaining allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants admit that Plaintiff is a non-exempt, waste disposal driver currently employed by BFI Waste Services, LLC. Defendants deny the remaining allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants admit that Paragraph 26 of Plaintiff's Complaint purports to define the putative "Class Members" for purposes of this lawsuit.   Defendants deny that this lawsuit is suitable for collective action treatment, deny that they violated the FLSA, deny that other employees are "similarly situated" to Plaintiff or to each other, and deny the remaining allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants admit that Republic Services of South Carolina, LLC and Defendant BFI Waste Services, LLC classify their residential, commercial, and industrial drivers as non-exempt employees.   Defendants deny the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint, deny that this lawsuit is suitable for collective action treatment, deny that they violated the FLSA, and deny that other employees are "similarly situated" to Plaintiffs or to each other.

<u>**Defendants did not pay Plaintiff and Class Members**</u>
<u>**overtime in accordance with the FLSA.**</u>

29.     Defendants admit Plaintiff and other waste disposal drivers were or are sometimes required to work overtime.  Defendants also admit that refusing to work overtime may lead to disciplinary action.  Defendants deny the remaining allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants admit Plaintiff and other waste disposal drivers sometimes worked or work over forty hours in a workweek.  Defendants deny the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants admit that Republic Services of South Carolina, LLC and Defendant BFI Waste Services, LLC pay their residential, commercial, and industrial drivers using various types of compensation, including a day-rate, job-rate, piece-rate, per-route, per-lift/can, per-yard, per-haul/zone, and/or hourly basis, depending on the facility, type of work done, line of business, and other factors.  Defendants deny the remaining allegations in Paragraph 31 of Plaintiff's Complaint, deny that all waste disposal drivers are or were subject to the same or similar payment scheme, and deny that other employees are  subject to the same or similar p or to each other.

32.     Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants admit Plaintiff was paid a day rate for his services and that sometimes he also received other types/forms of compensation. Defendants deny the remaining allegations in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants admit Plaintiff was sometimes paid "downtime" at an hourly rate. Defendants deny the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants admit that some waste disposal drivers are/were eligible to participate in a "Dedicated to Safety" program that rewards eligible employees with points which they can redeem online for certain limited gifts/merchandise, but deny that the DTE Program is compensation for hours worked.  Defendants deny the remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendants admit that some drivers are paid on an hourly basis for training meetings.  Defendants deny the remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants admit Plaintiff and other waste disposal drivers were or are sometimes required to work overtime.  Defendants also admit that refusing to work overtime may lead to disciplinary action.  Defendants deny the remaining allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Defendants admit Plaintiff and other waste disposal drivers sometimes worked or work over forty hours in a workweek.  Defendants deny the remaining allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendants admit the allegations in Paragraph 45 of Plaintiff's Complaint, except that sometimes "down-time hours" are not counted when calculating the drivers' regular rate.

46.     Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     There are no factual allegations set forth in Paragraph 48 Plaintiff's Complaint, and thus, no response is required.  To the extent a response is required, Defendants admit that the FLSA sets overtime requirements for certain employees employed by covered employers.

49.     Defendants admit that Plaintiff and other non-exempt employees were and are entitled to overtime compensation for all hours worked over 40 in a workweek.  Defendants deny the remaining allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint, deny that all waste disposal drivers are or were subject to the same or similar payment scheme, and deny that other employees are "similarly situated" to Plaintiff or to each other.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the allegations in Paragraph 54 of Plaintiff's Complaint.

**Deductions for "Meal Periods" and "DTS Rewards."**

55.     Defendants admit that Defendants' policies requires non-exempt employees to take a 30-minute lunch break if possible each workday.  Defendants deny the remaining allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     Defendants admit that the timekeeping system deducts 30 minutes for meal breaks and that Plaintiff and other waste disposal drivers were/are required to verify that they took a meal break each day.  If they missed a meal break, Plaintiff and other waste disposal drivers were required to notify Defendants through various means so that they would be paid for that meal break.  Defendants deny the remaining allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Defendants admit that some waste disposal drivers are/were eligible to participate in a "Dedicated to Safety" program that rewards eligible employees with points which they can redeem online for certain limited gifts/merchandise, but deny that the DTE Program is compensation for hours worked.  Defendants deny the remaining allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants admit that the criteria for DTE rewards are safety-related.  Defendants deny the remaining allegations in Paragraph 63 of Plaintiff's Complaint.

64.     Defendants deny the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the allegations in Paragraph 65 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act 29 U.S.C. § 207**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

66.     Defendants incorporate by reference the admissions and denials in paragraphs 1 – 65 of this Answer.

67.     Defendants deny the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants admit that Plaintiff is currently employed by BFI Waste Services, LLC and was previously employed by Republic Services of South Carolina, LLC.  Defendants also admit that BFI Waste Services, LLC and Republic Services of South Carolina, LLC have employed and currently employ other waste disposal drivers.  Defendants deny that they violated the FLSA, deny that other employees are "similarly situated" to Plaintiff or to each other, and deny the remaining allegations in Paragraph 68 of Plaintiff's Complaint.

69.     Defendants admit that Plaintiff is currently employed by BFI Waste Services, LLC and was previously employed by Republic Services of South Carolina, LLC.  Defendants also admit that BFI Waste Services, LLC and Republic Services of South Carolina, LLC have employed and currently employ other waste disposal drivers.  Defendants deny that they violated the FLSA, deny that other employees are "similarly situated" to Plaintiff or to each other, deny that Republic Services, Inc. is or was Plaintiff's,  any potential Class Member's, or any potential Rule 23 Class Member's employer, and deny the remaining allegations in Paragraph 69 of Plaintiff's Complaint.

70.     Defendants admit the allegations in Paragraph 70 of Plaintiff's Complaint.

71.     Defendants admit all of the allegations in Paragraph 71 of Plaintiff's Complaint, except they deny that other employees are "similarly situated" to Plaintiff or to each other.

72.     Defendants admit all of the allegations in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants admit that Plaintiff and other non-exempt employees sometimes work more than 40 hours in a workweek.  Defendants deny the remaining allegations in Paragraph 73 of Plaintiff's Complaint.

74.     Defendants deny the allegations in Paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations in Paragraph 75 of Plaintiff's Complaint, and deny that the violated the FLSA.

76. Defendants admit that BFI Waste Services, LLC and Republic Services of South Carolina, LLC classify their residential, commercial, and industrial drivers as non-exempt employees. Defendants deny the remaining allegations in Paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations in Paragraph 77 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
**Violation of South Carolina Payment of Wages Act S.C. Code § 41-10-10, et al.**
**(Brought on behalf of Plaintiff and the SC Rule 23 Class)**

78. Defendants incorporate by reference the admissions and denials in paragraphs 1 – 77 of this Answer.

79. Defendants admit that Plaintiff was previously employed by Republic Services of South Carolina, LLC and that Republic Services of South Carolina, LLC has employed and currently employs other waste disposal drivers in South Carolina. Defendants deny the remaining allegations in Paragraph 79 of Plaintiff's Complaint, and deny that other employees are "similarly situated" to Plaintiff or to each other.

80. Defendants admit Republic Services of South Carolina, LLC has employed and currently employs other waste disposal drivers in South Carolina. Defendants deny the remaining allegations in Paragraph 80 of Plaintiff's Complaint.

81. There are no factual allegations set forth in Paragraph 81 Plaintiff's Complaint, and thus, no response is required. To the extent a response is required, Defendants admit that Paragraph 81 of Plaintiff's Complaint accurately quotes parts of the SCPWA.

82. Defendants deny the allegations in Paragraph 82 of Plaintiff's Complaint.

83.     There are no factual allegations set forth in Paragraph 83 Plaintiff's Complaint, and thus, no response is required.  To the extent a response is required, Defendants admit that Paragraph 83 of Plaintiff's Complaint accurately quotes parts of the SCPWA.

84.     There are no factual allegations set forth in Paragraph 84 Plaintiff's Complaint, and thus, no response is required.  To the extent a response is required, Defendants admit that Paragraph 84 of Plaintiff's Complaint accurately quotes parts of the SCPWA.

85.     Defendants deny the allegations in Paragraph 85 of Plaintiff's Complaint.

86.     Defendants deny the allegations in Paragraph 86 of Plaintiff's Complaint.

87.     Defendants deny the allegations in Paragraph 87 of Plaintiff's Complaint, and expressly deny that Plaintiff and any potential class members under RFCP 23 are due any "wages," as that term is defined by the South Carolina Payment of Wages Act.

88.     Defendants deny the allegations in Paragraph 88 of Plaintiff's Complaint.

89.     Defendants deny the allegations in Paragraph 89 of Plaintiff's Complaint.

90.     Defendants deny the allegations in Paragraph 90 of Plaintiff's Complaint.

## DEFENDANTS' ADDITIONAL DEFENSES

91.     In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FOR A SECOND DEFENSE

92.     Plaintiff's Complaint fails to state facts sufficient to support any claim against Defendants, either for the benefit of Plaintiff or for the benefit of any allegedly similarly situated employees on whose behalf Plaintiff purports to complain, and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

93.     Plaintiff's claims and those of the individuals they seek to represent are barred to the extent that they have entered into or are otherwise bound by compromise, settlement or release agreements regarding those claims, including prior settlements of regular rate and/or off-the-clock claims/cases.

## FOR A THIRD DEFENSE

94.     Plaintiff's claims and those of the putative FLSA Class Members and/or Rule 23 Class Members' are barred, in whole or in part, by the doctrines of unclean hands, *in pari delicto,* and estoppel to the extent they knowingly violated Defendants' timekeeping policies by falsifying their timecards, under-reporting and/or failing to report their hours worked, and failing to use Defendants' complaint procedures to report their off-the-clock work so that Defendants could take appropriate remedial action.

## FOR A FOURTH DEFENSE

95.     Plaintiff's claims and those of the putative FLSA Class Members and/or Rule 23 Class Members' are barred, in whole or in part, to the extent Plaintiffs violated Defendants' policies by under-reporting and/or failing to report their hours worked.

## FOR A FIFTH DEFENSE

96.     Plaintiffs and the putative FLSA Class Members and/or Rule 23 Class Members are not entitled to a jury trial to the extent that they signed a jury waiver agreement as a condition of employment.

## FOR A SIXTH DEFENSE

97.     Plaintiff's and the putative FLSA Class Members' and/or Rule 23 Class Members' claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOR A SEVENTH DEFENSE

98.     Defendants' acts or omissions complained of in the Complaint with respect to Plaintiffs and those of the putative FLSA Class Members/Rule 23 Class Members are subject to the provisions of 29 U.S.C. §§ 258 and 259 because they were done in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which Plaintiff or and the putative FLSA Class Members/Rule 23 Class Members belong.

## FOR AN EITHTH DEFENSE

99.     Defendants' acts or omissions complained of in the Complaint with respect to Plaintiff and any purported similarly situated persons and/or putative class members are subject to the provisions of 29 U.S.C. § 260 because they were done in good faith and Defendants had reasonable grounds for believing that their acts or omissions, if any, were not a violation of any applicable laws.

## FOR A NINTH DEFENSE

100.    Defendants are entitled to an off-set of any amount of relief claimed by Plaintiffs or the putative FLSA Class Members/Rule 23 Class Members based on compensation paid by Defendants to any Plaintiffs or to any and all putative FLSA Class Members/Rule 23 Class Members under 29 U.S.C. § 207(h).

## **FOR A TENTH DEFENSE**

### **To the extent that Plaintiff's claims under the South Carolina Payment of Wages Act seek recovery for unpaid overtime, such claims are preempted by the Fair Labor Stands Acty, and should be dismissed.**

101.    Defendants are continuing to investigate Plaintiffs' allegations.  Therefore, Defendants reserve the right to amend their Answer and Defenses, and reserve the right to assert any additional affirmative or other defenses based on any evidence discovered in pursuit of this litigation.

102.    Defendants BFI Waste Services, LLC, Republic Services of South Carolina, LLC, and Republic Services, Inc. pray: that the Court deny Plaintiff's request for conditional or final collective action certification, deny Plaintiff's request for class action certification, deny Plaintiff's request for a joint or collective trial and instead order separate trials; that Plaintiff's Complaint be dismissed and that Plaintiff take nothing thereby; that Defendants be awarded their costs in this matter, including, but not limited to, reasonable attorneys' fees as permitted by law; and that Defendants be granted such other and further relief to which they may show themselves to be justly entitled.

DATED:  September 19, 2016

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK
AND STEWART, P.C.


BY: */s/ Benjamin P. Glass*
Benjamin P. Glass
(Federal Bar No. 6522)
Piper R. Byzet
(Federal Bar No. 11393)
211 King Street, Suite 200
Charleston, SC 29401
Phone:  (843) 853-1300
Fax:  (843) 853-9992

SEYFARTH SHAW LLP


By: */s/ Noah A. Finkel*
    Noah A. Finkel (pro hac vice motion
    forthcoming)nfinkel@seyfarth.com
    Kara L. Goodwin (pro hac vice motion
    forthcoming)
    kgoodwin@seyfarth.com
    131 S. Dearborn Street, Suite 2400
    Chicago, IL  60603-5803
    Telephone:   (312) 460-5000
    Facsimile:   (312) 460-7000

    Esteban Shardonofsky (pro hac vice
    motion forthcoming)
    Texas State Bar No. 24051323
    sshardonofsky@seyfarth.com
    700 Milam Street, Suite 1400
    Houston, TX  77002-2812
    Telephone:   (713) 225-2300
    Facsimile:   (713) 225-2340


    ATTORNEYS FOR DEFENDANTS
    BFI WASTE SERVICES, LLC, REPUBLIC
    SERVICES OF SOUTH CAROLINA, LLC,
    AND REPUBLIC SERVICES, INC.

26211963.1