# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONE L. ALBERT, GREGORY J.
ANDERSON, BENNIE BARNS, CLYDE E.
BROWN, SCOTT CLEAVES, EDDIE ELLIS,
HERBERT FRANKLIN, ROBERT C. GILL,
JAMES GLAZIER, ROBERT D. HAGGARD,
GREG HUDSON, AHMAD KABIR, JEAN R.
JONES, LEROY P. METOYER, JR., HARRY
WILLIAM MOORE, TIMOTHY R.
MOULDER, TERRY POWELL, JOHN R.
REYNOLDS, RANDY SACKRIDER, THOMAS
SALISBURY, ROBERT SEXTON, TODD
SMADES, MATTHEW TAYLOR, and TERRY
TIPTON,

    Plaintiffs,

v.

BFI WASTE SYSTEMS OF NORTH
AMERICA, INC., a foreign corporation, and
ALLIED WASTE SYSTEMS, INC., d/b/a
GREAT LAKES WASTE SERVICES, a foreign
corporation,

    Defendants.

Case No. 00-73473

Hon. George Caram Steeh



| GABRIAN & PARKS, P.C. | BARRIS, SOTT, DENN & |
|---|---|
| Dennis L. Gabrian (P31539) | DRIKER, P.L.L.C. |
| James J. Parks (P39742) | John A. Libby (P33641) |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 2525 Telegraph Rd., Ste. 302 | 211 West Fort St., 15th Floor |
| Bloomfield Hills, MI 48302 | Detroit, MI 48226-3281 |
| (248) 334-6464 | (313) 965-9725 |

### AFFIDAVIT OF CAROL WEBER

Carol Weber, having been duly sworn, deposes and states, as follows:

1. I am the Manager of Payroll Projects and Support of BFI Waste System of North America, Inc. ("BFI"). I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2. I have reviewed the First Amended Complaint. I have also reviewed payroll records for each of the plaintiffs in this lawsuit. Those records indicate that BFI employed the plaintiffs during the following periods:

| Name | Social Security No. | Employment Period |
|---|---|---|
| Devone L. Albert | Redacted | 06/22/98 - 11/24/98 |
| Gregory J. Anderson | | 08/25/99 - present |
| Bennie Ronal Barnes | | 06/16/99 - present |
| Clyde E. Brown | | 06/30/98 - present |
| Scott R. Cleaves | | 08/03/88 - present |
| Eddie Ellis | | 02/03/97 - present |
| Herbert Franklin | | 07/14/99 - present |
| Robert Gill | | 02/06/97 - present |
| James K. Glazier | | 05/26/98 - 11/04/98 |
| Robert D. Haggard | | 07/02/96 - 03/29/99 |
| Greg Hudson | | 06/30/99 - 12/01/00 |
| Jean Raymond Jones | | 07/14/99 - present |
| Ahmad Kabir | | 11/15/97 - present |
| Leroy P. Metoyer, Jr. | | 06/30/99 - present |
| Harry William Moore | | 07/14/99 - present |
| Timothy Ray Moulder | | 04/12/99 - present |
| Terry Duane Powell | | 10/27/99 - 09/20/00 |
| John R. Reynolds | | 07/05/99 - present |
| Randy Lee Sackrider | | 02/15/99 - present |
| Thomas Salisbury | | 04/17/98 - present |
| Robert Delan Sexton | | 10/27/98 - present |
| Todd Smades | | 12/28/99 - 12/01/00 |
| Matthew Taylor | | 05/12/97 - present |
| Terry Dewayn Tipton | | 10/13/98 - 10/23/00 |

3. If employed prior to September 27, 1998, Plaintiffs were paid on an hourly basis. They received a fixed hourly rate for 40 hours. If they worked more than 40 hours in a week, they received one and a half times the fixed hourly rate for hours worked in excess of 40 hours.

4. To illustrate, assume an employee was paid $10.00 per hour and worked 50 hours during a week. His pay for that week was calculated as follows:

| | | | |
|---|---|---|---|
| Hourly | 40 hrs. x $10.00 | = | $400.00 |
| Overtime | 10 hrs. x $15.00* | = | $150.00 |
| Total | | | $550.00 |

*(10 x 1 1/2)

5. If employed after September 27, 1998, Plaintiffs have been paid a day-rate. They received a fixed rate for each day worked. If they worked more than 40 hours in a week, they received an additional half rate for all hours worked in excess of 40 hours using the following formula:

$$\frac{\text{Total Pay Received}}{\text{Total Hours Worked}} = \text{Base Rate}$$

$$\text{Base Rate} \div 2 = \text{Half Rate}$$

$$\text{Hours In Excess of 40 Hours} \times \text{Half Rate} = \text{Overtime Pay}$$

6. To illustrate, assume that an employee was paid $100 per day and worked 50 hours over five days. His pay for that week was calculated as follows:

| | | |
|---|---|---|
| Day | 5 days x $100 = | $500 |
| Overtime | 10 Hours x 5* = | $ 50 |
| Total | | $550 |

*($\frac{500}{50}$ = 10 ÷ 2 = 5)

7. Since September 27, 1998, ceratin Plaintiffs have also performed specified tasks on occasion for which they received a specified sum. Such payments are known as extra pay. To the extent that a Plaintiff who received extra pay during a week worked more than 40 hours

-3-

during the week that he received the extra pay, the monies received as extra pay were included in total pay received for purposes of determining overtime pay.

8. To illustrate, assume that an employee was paid $100 per day, worked 50 hours over five days, and received $100 extra pay. His pay for that week was calculated as follows:

| | | |
|---|---|---|
| Day | 5 days x $100 = | $500 |
| Extra | | $100 |
| Overtime | 10 hours x 6* = | $ 60 |
| Total | | $660 |

$$*\frac{(500 + 100)}{50} = 12 \div 2 = 6$$

9. During the period that Plaintiffs were paid a day-rate, BFI's formula for payment of overtime for day-rate workers, including day-rate workers who received extra pay, has been reviewed by representatives of the United States Department of Labor ("DOL"). In each such instance, the DOL has determined that BFI is in compliance with the overtime provisions of The Fair Labor Standards Act.

10. Moreover, day-rate workers in Louisiana also challenged BFI's formula for payment of overtime in court. In that instance, the trial court and appellate court determined that BFI is in compliance with the overtime provisions of The Fair Labor Standards Act.

Further, deponent sayeth not.

_____
CAROL WEBER CPP

Subscribed and sworn to before me this 13th day of December, 2000.

_____
NOTARY PUBLIC
My commission expires: _____

SUZANNE S. BOK
Notary Public - Arizona
MARICOPA COUNTY
My Commission Expires
MARCH 31, 2004

h:\docsopen\jal\l-aff\0193208.01

-4-