# EXHIBIT 6

# DOL's Appellate Brief by the Secretary of Labor
# *Solis v. Hooglands*
# No. 09-30506



# **SOLIS v. HOOGLANDS**

No. 09-30506

United States Court of Appeals for the Fifth Circuit

February 5, 2010

**Reporter**
2010 U.S. 5th Cir. Briefs LEXIS 61

HILDA L. SOLIS, SECRETARY, DEPARTMENT OF LABOR, Plaintiff-Appellee, v. HOOGLANDS NURSERY LLC; MICHAEL HOOGLAND, Defendants-Appellants.

**Type:** Initial Brief: Appellee-Respondent

**Prior History:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA.

## Counsel

 **[*1]**  DEBORAH GREENFIELD, Acting Deputy Solicitor, WILLIAM C. LESSER, Acting Associate Solicitor, PAUL L. FRIEDEN, Counsel for Appellate Litigation, RACHEL GOLDBERG, Attorney, U.S. Department of Labor, Washington, D.C.

## Title

Brief For The Secretary Of Labor

## Text

**STATEMENT REGARDING ORAL ARGUMENT**

The Secretary of Labor does not believe that oral argument is necessary because the questions of whether the undisputed facts show that Hoogland's Nursery LLC and Michael Hoogland failed to use a valid "day rate" plan to compensate their employees in accordance with the Department of Labor's interpretive regulation at _29 C.F.R. 778.112_, and whether liquidated damages were warranted in this case, may be resolved on the basis of the briefs filed with this Court.

**STATEMENT OF JURISDICTION**

The district court had subject matter jurisdiction over this case pursuant to section 17 of the Fair Labor Standards Act ("FLSA" or "Act"), _29 U.S.C. 217_. Jurisdiction was also vested in the district court under _28 U.S.C. 1331_ (federal question jurisdiction) and _28 U.S.C. 1345_ (vesting jurisdiction in the district **[*2]**  courts over suits commenced by an agency or officer of the United States).

This Court has jurisdiction pursuant to _28 U.S.C. 1291_. On May 15, 2009, the district court entered an Amended Judgment granting partial summary judgment to the Secretary of Labor ("Secretary") against Hoogland's Nursery LLC and Michael Hoogland, [1] and dismissing the Secretary's claim against Fredric Hoogland. R. Dkt. No. 33. [2] On June 13, 2009, Hoogland's Nursery filed a timely notice of appeal. _See_ Fed. R. App. P. 4(a)(1)(B).

---

[1]  Hereafter, Hoogland's Nursery LLC and Michael Hoogland are collectively referred to as "Hoogland's Nursery."

[2]  References to the district court record are indicated by the abbreviation "R." followed by "Dkt. No." for the docket number entry in the district court proceeding, which in turn is followed by the number for a specific docket entry.

**STATEMENT OF THE ISSUES**

1. Whether Hoogland's Nursery failed to use a "day-rate" plan to compensate employees in accordance **[*3]** with the Department of Labor's ("Department") interpretive regulation at *29 C.F.R. 778.112*, and therefore failed to pay requisite overtime compensation for all overtime hours worked at a rate of one and one-half times the regular rate of pay.

2. Whether the district court properly awarded liquidated damages, which are the norm, on the ground that Hoogland's Nursery failed to show that it had objectively reasonable grounds to believe that its actions complied with the requirements of the FLSA.

**STATEMENT OF THE CASE**

A. Nature of the Case and Course of Proceedings

On March 15, 2007, the Secretary filed a complaint against Hoogland's Nursery LLC, Fredric Hoogland, and Michael Hoogland, alleging violations of the FLSA. On April 7, 2008, the Secretary moved for summary judgment on several issues, including that Hoogland's Nursery, LLC, Michael Hoogland, and Fredric Hoogland was each an employer under the FLSA; that defendants failed to pay proper overtime compensation as required by section 7(a) of the FLSA, *29 U.S.C. 207(a)*; that defendants violated the FLSA by deducting from total hours worked two 15-minute breaks; that defendants **[*4]** failed to comply with the recordkeeping requirements of section 11(c) of the FLSA, *29 U.S.C. 211(c)*; and that liquidated damages and a permanent injunction were warranted. R. Dkt. No. 16.

On June 13, 2008, in a Memorandum Ruling, the district court denied the Secretary's motion in part, concluding that Fredric Hoogland was not an employer under the FLSA (Michael Hoogland and Hoogland's Nursery, LLC conceded that each was an employer under the FLSA). R. Dkt. No. 26. The district court granted summary judgment to the Secretary on all other issues, concluding that Hoogland's Nursery had not paid its employees according to a day-rate plan and therefore did not pay proper overtime compensation. *Id*. The court ordered Hoogland's Nursery to pay back wages and liquidated damages, and permanently enjoined it from violating the overtime and recordkeeping provisions of the FLSA. *Id*. The district court entered judgment on June 13, 2008. R. Dkt. No. 27.

Hoogland's Nursery appealed that judgment. R. Dkt. No. 28. This Court dismissed the appeal on the ground that the district court had not dismissed the claim against Fredric Hoogland, and therefore there was not a final **[*5]** appealable order. *See Solis v. Hoogland's Nursery, LLC, 326 Fed. Appx. 746 (5th Cir. 2009).* On May 15, 2009, the district court amended its judgment to dismiss the Secretary's claim against Fredric Hoogland. R. Dkt. No. 33.

B. Statement of Facts

Hoogland's Nursery provides landscaping services. R. Dkt. No. 26 at 1. It employs laborers and foremen to perform such services. R. Dkt. No. 23-2 at 2 (Defendants' Response to Plaintiff's Statement of Undisputed Facts). [3] During the relevant time period in this case, from March 2004 through February 2006, Hoogland's Nursery's payroll practice was to dock laborers' and foremen's wages when they did not work a full day; it paid only for hours actually worked. R. Dkt. No. 26 at 3; R. Dkt. No. 23-2 at 3; R. Dkt. No. 16-3, 16-4, 16-7, 16-8 (Declaration of Melissa Reynolds and Attachments A and D to Declaration). [4] Hoogland's Nursery paid straight time for all hours worked, including for those over 40 in a workweek; it did not pay overtime compensation at one and one-half times the regular rate in accordance with section 7(a) of the FLSA, *29 U.S.C. 207(a)*. R. Dkt. No. 26 at 2-3, 8; R. Dkt. No. 16-14 at **[*6]** 74:19-78:4.

In addition, from July 2005 through February 2006, Hoogland's Nursery's laborers and foremen were docked 60 minutes for a lunch break, but were only allowed to take a 30-minute lunch break. R. Dkt. No. 26 at 3; R. Dkt. No. 16-3 and 16-5 (Declaration of Melissa Reynolds and Attachment B to Declaration). Hoogland's Nursery's policy during this period was that the additional 30

---

[3] References to the docket number followed by a dash and another number are to the specific "part" (as the term is used in the district court's electronic document filing system) connected to the main docket entry under that number. In this citation, for example, "23-2" refers to part 2 in docket entry number 23.

[4] Attachment D is contained in parts 7 and 8 to docket number 16.

minutes was docked based on two estimated 15-minute breaks during which employees could use the bathroom, drink water, and talk with co-workers. R. Dkt. No. 26 at 3; R. Dkt. No. 16-3 and 16-5.

C. Decision of the District Court **[*7]**

In granting summary judgment for the Secretary on all issues other than Fredric Hoogland's status as an employer under the FLSA, the district court concluded that Hoogland's Nursery's laborers and foremen were not paid, as Hoogland's Nursery claimed, under a "day-rate" plan in accordance with the Department's interpretive regulation at *29 C.F.R. 778.112*, because the undisputed evidence showed that laborers and foremen who did not work full days were paid only for the hours they worked. R. Dkt. No. 26 at 6-8, 11. In other words, they were not paid a flat day rate regardless of the hours they worked, which is required by the day-rate compensation regulation. Consequently, the district court concluded that Hoogland's Nursery could not use the day-rate plan's method of calculating overtime compensation, which permits overtime compensation to be paid at a rate of one-half of the regular rate of pay. *Id.* at 8. Instead, according to the district court, Hoogland's Nursery was required by section 7 of the FLSA, *29 U.S.C. 207*, to pay overtime at a rate of one and one-half times the regular rate of pay, which the court concluded Hoogland's **[*8]** Nursery had failed to do (Hoogland's Nursery had instead paid straight time for all hours worked, including overtime hours). R. Dkt. No. 26 at 7-8. It further concluded that the policy of docking employees for two 15-minute breaks violated the FLSA (something that Hoogland's Nursery acknowledged), and that the failure to pay for this time was not offset by any "overpayment" of overtime compensation under the day-rate plan (as Hoogland's Nursery had argued based on its payment of overtime at the regular rate rather than at one-half of the regular rate under *29 C.F.R. 778.112*); therefore, Hoogland's Nursery was liable for the unpaid compensation for this time. R. Dkt. No. 26 at 9.

The district court also concluded that Hoogland's Nursery's bookkeeper and nursery facilities worker were non-exempt employees and that Hoogland's Nursery failed to pay these employees the requisite overtime compensation for overtime hours worked. R. Dkt. No. 26 at 8-9. Additionally, the district court determined that the defendants had violated the recordkeeping requirements of the FLSA. *Id.* at 11.

Furthermore, the district court concluded that Hoogland's Nursery had not satisfied **[*9]** its statutory burden to avoid an award of liquidated damages. R. Dkt. No. 26 at 10. Hoogland's Nursery had argued that it acted in good faith because it believed that it was complying with the requirements of using a day-rate compensation plan, and that it did not do so only because of the unauthorized actions of its non-management bookkeeper. *Id.* The court concluded that, even if Hoogland's Nursery's non-compliant compensation practices were subjectively honest mistakes, Hoogland's Nursery had not shown that those mistakes were reasonable. *Id.* Specifically, the court concluded that Hoogland's Nursery had not presented evidence that its reliance on a bookkeeper with no managerial authority to ensure compliance with the FLSA was reasonable. *Id.*

The court awarded back wages of $ 38,791.35, and an equal amount as liquidated damages. *Id.* at 9-10, 12, 26. The court also permanently enjoined Hoogland's Nursery from violating the overtime and recordkeeping provisions of the FLSA. *Id.* at 13. [5]
**[*10]**

**SUMMARY OF ARGUMENT**

1. The Department's "day-rate" interpretive regulation, *29 C.F.R. 778.112*, provides a method of calculating an employee's regular rate of pay based on a flat sum paid to the employee, and permits overtime hours to be paid at one-half of this regular rate, but only "[i]f the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job[.]" *29 C.F.R. 778.112*. Employees of Hoogland's Nursery were not paid a flat sum per day regardless of the number of hours they worked. Rather, they were paid only for the hours that they actually worked. Indeed, the undisputed evidence shows that Hoogland's Nursery docked employees' wages when they worked less than a full day. As a result, Hoogland's Nursery

---

[5] In this appeal, Hoogland's Nursery has appealed the portions of the district court order holding that it did not properly use a day-rate plan to compensate its employees and that it therefore owes back wages for overtime hours worked, including the improperly docked two 15-minute breaks, and that it is liable for liquidated damages. (In its first appeal, it did not appeal the portion of the district court's order holding it liable for liquidated damages. *See* Brief of Appellants, *Solis v. Hoogland's Nursery, LLC, 326 Fed. Appx. 746 (5th Cir. 2009)* (No. 08-30684).) Hoogland's Nursery has not appealed the district court's ruling regarding the non-exempt status of the bookkeeper and nursery facilities worker, and any consequent back wages owed for overtime hours worked by these employees. Nor has it appealed the district court's ruling regarding recordkeeping violations. Therefore, the Secretary does not address these issues in this brief.

did not, and could not, avail itself of the Department's "day-rate" interpretive regulation for calculating overtime compensation. In the absence of a day-rate plan, section 7 of the FLSA requires Hoogland's Nursery to compensate its laborers and foremen for overtime hours worked at one and one-half times the regular rate. It is undisputed **[*11]** that Hoogland's Nursery did not do so. Therefore, the district court correctly concluded that Hoogland's Nursery is liable for those unpaid wages.

Additionally, Hoogland's Nursery docked employees' wages for two 15-minute breaks, which it concedes is contrary to the requirements of the FLSA. *See* 29 C.F.R. 785.18. Because Hoogland's Nursery did not use the day-rate method of payment, it necessarily did not "overpay" employees by paying at the regular rate for overtime hours worked under a day-rate compensation plan (which requires paying for such hours at one-half of the regular rate) as it alleged. Thus, there was no "overpayment" of overtime wages with which to offset the wages owed to employees for the improperly docked break time. In short, there was nothing to credit. Hoogland's Nursery is therefore liable for the full overtime wages due for this time.

2. To avoid liquidated damages, an employer must show that it acted <u>both</u> with subjective good faith <u>and</u> in an objectively reasonable manner in believing that its actions were not in violation of the FLSA. *See* 29 U.S.C. 260. When violations of the FSLA result in an award **[*12]** of back wages, liquidated damages are the norm. Hoogland's Nursery failed to show that it had objectively reasonable grounds to believe that its actions complied with the FLSA. Specifically, it cannot demonstrate that it had an objectively reasonable belief that it was paying appropriate overtime compensation in accordance with a "day-rate" plan by disavowing the actions of its bookkeeper. Therefore, the district court properly awarded liquidated damages.

**STANDARD OF REVIEW**

This Court reviews a district court's grant of summary judgment de novo, viewing all inferences in the light most favorable to the nonmoving party. *See Coury v. Moss, 529 F.3d 579, 584 (5th Cir. 2008).* Summary judgment is appropriate "if 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)).

While this Court generally reviews a district court's decision to award or deny liquidated damages under the abuse of discretion standard, *see Singer v. City of Waco, 324 F.3d 813, 823 (5th Cir. 2003);* **[*13]** *Heidtman v. County of El Paso, 171 F.3d 1038, 1042 (5th Cir. 1999),* such standard gives way to a de novo standard when a grant of summary judgment is on appeal. *See, e.g., Chao v. A-One Medical Servs., Inc., 346 F.3d 908, 920 (9th Cir. 2003).* Therefore, this Court should review the district court's decision under a de novo standard.

**ARGUMENT**

I.

HOOGLAND'S NURSERY DID NOT USE A VALID "DAY-RATE" PLAN TO COMPENSATE ITS EMPLOYEES AND THEREFORE FAILED TO PAY PROPER COMPENSATION FOR OVERTIME HOURS WORKED

A. <u>The Undisputed Evidence Shows that Hoogland's Nursery Did Not Pay Its Employees Using a Valid Day-Rate Plan</u>

1. Section 7 of the FLSA requires that an employer pay a non-exempt employee one and one-half times the employee's regular rate of pay for each hour worked in excess of 40 hours during a workweek. *See* 29 U.S.C. 207(a)(1). [6] When an employer pays an employee a flat rate for a day's work regardless of the number of hours worked that day, the employer is using a "day-rate" compensation plan. The Department has indicated by interpretive regulation how to calculate the regular rate and determine the overtime **[*14]** compensation required when an employer uses a day-rate compensation plan. Specifically, the regulation at 29 C.F.R. 778.112 states:

> If the employee is <u>paid a flat sum</u> for a day's work or for doing a particular job, <u>without regard to the number of hours worked in the day or at the job,</u> and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

---

[6] Hoogland's Nursery acknowledges that its laborers and foremen are not exempt from the overtime requirements of the FLSA. Br. at 3.

(Emphases added.) [7] Thus, if an employer is using a day-rate plan, the regular rate is determined based on the day-rate amount and the employer may pay overtime compensation at one-half of that regular rate. [8] However, as the interpretive regulation clearly states, the day-rate compensation plan applies only when employees are paid a flat sum regardless of the specific number of hours they work each day. See *Dufrene, 207 F.3d at 268* (*29 C.F.R. 778.112* applies where parties stipulated [*15] that employees were guaranteed a day's pay regardless of the hours worked in a day). The day-rate compensation plan is thus inapplicable when employees' wages are docked when they work less than a certain number of hours in a day. If there is no day-rate plan in use, the employer must pay overtime compensation at a rate of one and one-half times the fixed regular rate. See *29 U.S.C. 207(a)(1)*. [9]

 [*16]

2. The undisputed evidence shows that Hoogland's Nursery consistently docked employees' wages when they did not work a full day, and therefore did not compensate its employees under a valid day-rate plan. Hoogland's Nursery's payroll records show that during [*17] the relevant time period of March 2004 through February 2006, employees were paid for the exact number of hours worked; they were not paid a flat rate regardless of the number of hours they worked, however few or many. R. Dkt. No. 26 at 3, 7-8; R. Dkt. No. 16-3 and 16-4 (Declaration of Melissa Reynolds and Attachment A to Declaration).

The testimony of Michael Hoogland and of Debby Morris, Hoogland's Nursery's office manager, also shows that employees' wages were docked when employees worked less than a full day. Michael Hoogland testified that during the time Joan Meziere worked as Hoogland's Nursery's bookkeeper, employees' pay was docked if employees worked less than a full day. R. Dkt. No. 26 at 3; R. Dkt. No. 16-14 at 67:1-67:24 (Deposition of Michael Hoogland). [10] He testified that, for example, if an employee worked six hours, he was paid less than he would have been paid had he worked eight hours. R. Dkt. No. 16-14 at 67:1-67:24. Michael Hoogland further testified that even before Meziere began working at Hoogland's Nursery, it was Hoogland's Nursery's practice to pay only a half-day's pay when an employee stopped working before noon. *Id.* at 65:21-66:21. Similarly, Debby [*18] Morris, Hoogland's Nursery's office manager, testified that laborers are paid only for the hours they work, which has been Hoogland's Nursery's policy for the entire time that she has worked as office manager, which began approximately in 2003. R. Dkt. No. 26 at 3, 7; R. Dkt. No. 16-18 at 37:22-38:19 (Deposition of Debby Morris). [11] For example, she testified that if it appears that it will begin raining, employees are paid only for the hours they work that day. R. Dkt. No. 16-18 at 37:22-38:13.

---

[7] Hoogland's Nursery does not challenge the validity of this interpretive regulation. This Court has accorded deference to this interpretive regulation, concluding that it was a permissible interpretation of the overtime provision of the FLSA. See *Dufrene v. Browning-Ferris, Inc., 207 F.3d 264, 267-68 (5th Cir. 2000).*

[8] Under a valid day-rate plan, the day-rate amount already includes compensation for the overtime hours worked at the regular rate (i.e., straight time), and the regulation makes clear that the only amount remaining due is an additional one-half of the regular rate for the overtime hours. Thus, the difference between the method of calculating overtime compensation under section 7 versus the "day-rate" interpretive regulation comes down to what the regular rate actually is. When an employee is paid on an hourly basis, the regular rate is itself fixed (e.g., $ 10/hour); it does not vary depending on the total hours worked. By contrast, under a day-rate plan, the regular rate varies depending on the total hours worked (with the result being that the more hours worked, the lower the regular rate and therefore the less overtime compensation is owed).

An example will help elucidate the point. If an employee under a day-rate plan receives $ 80 a day (regardless of the number of hours worked) and works five days a week, totaling 40 hours, and another employee receives $ 80 a day (regardless of the number of hours worked) and works five days a week, totaling 50 hours, under the day-rate regulation, they both will receive $ 400 for the week for the total day-rate amount. The second employee, however, will be owed additional compensation for the ten hours of overtime worked. This amount of compensation is calculated based on the regular rate. In this example, the regular rate for the first employee would be $ 10/hour ($ 400 divided by 40 hours), while the regular rate for the second employee would be $ 8/hour ($ 400 divided by 50 hours). Thus, under the day-rate regulation, the second employee would be owed an additional $ 40 (half-time pay ($ 4/hour) times the ten hours of overtime worked).

[9] For example, if the regular rate is $ 10/hour and the employee works 50 hours in a particular week, the overtime compensation due is $ 15/hour (one and one-half times the regular rate) for 10 hours, equaling a total of $ 150 (in addition to the $ 400 in straight time for the 40 hours worked that week). In this case, the Department recognized that, in addition to the day-rate amount that Hoogland's Nursery paid its employees, it paid them additional compensation for the overtime hours they worked at the regular rate (i.e., straight time). R. Dkt. No. 16-14 at 74:19-78:4. Therefore, as stated by the Department's Wage and Hour investigator who calculated the back wages owed, Hoogland's Nursery failed to pay, and thus owed, only one-half times (not one and one-half times) the regular rate for the overtime hours worked. R. Dkt. No. 16-3.

[10] Joan Meziere began working as Hoogland's Nursery's bookkeeper in March 2005. Br. at 4.

[11] Debby Morris testified in her February 20, 2008 deposition that she has worked as the office manager for almost five years. R. Dkt. No. 16-18 at 10:18-23.

Even in its appeal brief, Hoogland's Nursery acknowledges that employees' wages were docked when they worked less than a full day. Br. at 11. Thus, the undisputed evidence shows that Hoogland's Nursery's employees were not paid a flat sum regardless of the hours [*19] they worked during the relevant period of March 2004 through February 2006, and thus could not be paid overtime compensation according to the regulatory day-rate plan.

3. Despite this undisputed evidence, Hoogland's Nursery argues on appeal that it used a day-rate compensation plan, or at least that there are genuine issues of material fact in dispute as to whether it used a day-rate plan. Br. at 7. As support for this argument, Hoogland's Nursery asserts that Michael Hoogland testified in his deposition that employees were paid a flat sum regardless of the hours they worked, and points to Michael Hoogland's testimony that he was not aware of any instances where employees' wages were docked for less than a full day of work. *Id.* at 10-12. [12]
 [*20]

While Michael Hoogland stated in his deposition that employees were paid a day rate, R. Dkt. No. 16-14 at 63:18-64:6, he acknowledged that there may have been instances when employees were not paid a flat sum regardless of the hours worked. *Id.* at 64:19-65:14. He also acknowledged that Hoogland's Nursery's records show that employees were not paid a flat sum regardless of the hours worked. *Id.* at 65:15-19. Further, Michael Hoogland stated that employees were paid only a half-day's wages if they stopped working before noon, *id.* at 65:24-66:13, and that after Meziere began working at Hoogland's Nursery, employees were paid only for the hours they worked and were docked wages if they worked fewer than eight hours a day, *id.* at 67:3-68:1. Thus, there was no dispute that Hoogland's Nursery did not consistently pay its employees a flat sum regardless of the hours worked. The district court therefore properly concluded that there was no genuine issue of material fact in dispute concerning Hoogland's Nursery's failure to comply with the day-rate regulation.

4. Hoogland's Nursery cannot, as it attempts to do on appeal, br. at 6, 11-12, disclaim the payment practices implemented [*21] by Hoogland's Nursery's bookkeeper, Joan Meziere, based on her non-management status or her actions allegedly being unauthorized, or based on Michael Hoogland's alleged lack of knowledge of the payroll practices at the time Meziere implemented them. [13] As a threshold matter, Michael Hoogland admitted that he has the ultimate responsibility for management of Hoogland's Nursery and that he has final authority with respect to employee rates of pay, employees' hours of work, payroll, and authorization of paychecks. R. Dkt. No. 16-15 (Michael Hoogland's Response to Plaintiff's First Interrogatories and Requests for Production, interrogatory nos. 3 and 4).

Moreover, there [*22] is no requirement that the payment practices that trigger liability under the FLSA be implemented or authorized by a manager. As the District of Columbia Circuit noted:

> We assume, as did the district court, that the Hospital's violations stemmed not from any deliberate action on the part of its management, but from the misfeasance of its lower-level employees. To focus on the manner in which management supervised those who calculated overtime compensation is, however, to miss the point. Even if, through no fault of management, the payroll department blundered, the employer still must make the undercompensated employee whole. The mistake, and thus the violation, are the employer's.

*Thomas v. Howard Univ. Hosp., 39 F.3d 370, 373 (D.C. Cir. 1994)* (citing *LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1263 (5th Cir. 1986)).* Thus, whether Michael Hoogland authorized Meziere to change Hoogland's Nursery's compensation practices or not, those compensation practices violated the FLSA and Hoogland's Nursery is liable as the employer. Hoogland's Nursery must make its undercompensated employees whole.

---

[12] Hoogland's Nursery asserts in its brief, br. at 10, that the district court made factual findings that Hoogland's Nursery paid its employees a flat sum for a day's work regardless of the hours worked. This is incorrect. The district court did not make such factual findings (nor could it in ruling on a motion for summary judgment). Rather, the district court merely noted that Michael Hoogland testified in his deposition that employees were paid a day rate. R. Dkt. No. 26 at 3. The court immediately followed this observation by noting that Michael Hoogland admitted in the deposition that Hoogland's Nursery did not pay a day rate while Meziere was the bookkeeper. *Id.*

[13] Significantly, as noted *supra,* both Michael Hoogland's testimony and Debbie Morris' testimony, as well as Hoogland's Nursery's own payroll records, show that Hoogland's Nursery's practice of docking employees' wages when employees worked less than a full day also occurred outside the time of Meziere's employment with Hoogland's Nursery.

Likewise, there is no requirement that **[*23]** an employer have actual knowledge of its compensation practices in order for those compensation practices to constitute an FLSA violation for which the employer is liable. Hoogland's Nursery's reliance on *Gulf King Shrimp Co. v. Wirtz, 407 F.2d 508 (5th Cir. 1969),* br. at 12-13, is of no avail. In *Gulf King,* the employer argued that children working at the employer's facility were not "employees" under the FLSA because the employer alleged that he did not have actual knowledge that children were working at his facility. *See 407 F.2d at 512.* This Court unequivocally rejected that proposition, noting that an employer has a duty to inquire into the conditions in his business and "does not rid himself of that duty because the extent of the business may preclude his personal supervision, and compel reliance on subordinates. He must then stand or fall with those whom he selects to act for him." *Id.* (internal quotation marks and citation omitted). Thus, "an employer's knowledge is measured in accordance with his duty to inquire into the conditions prevailing in his business." *Id.* (internal quotation marks and citation omitted). [14]

**[*24]**

Like the employer in *Gulf King,* Michael Hoogland had the duty and the opportunity to inquire into the compensation practices under which Hoogland's Nursery paid its employees. The fact that he did not do so does not relieve Hoogland's Nursery of liability under the FLSA for underpaying its employees. Further, the alleged lack of employee complaints about this practice does not relieve Hoogland's Nursery of its duty to inquire into the manner in which it compensated its employees. *Cf.* Allen v. McWane, Inc., F.3d , 2010 WL 47919, at *5 (5th Cir. 2010) (FLSA rights cannot be waived). Thus, Hoogland's Nursery is liable for the violations of the FLSA in this case, irrespective whether it knew of or authorized its bookkeeper's actions that allegedly contributed to those violations.

B. <u>Hoogland's Nursery Is Liable for the Compensation Owed for the Two 15-Minute Breaks Improperly Docked from Employees' Wages</u>

Hoogland's Nursery improperly docked employees' wages for two 15-minute breaks. [15] Hoogland's Nursery concedes that its break policy violated the FLSA. Br. at 5, 13-14. [16] Despite this admission, it contends that it should not be liable **[*25]** for compensation for this time because it claims that it overpaid employees for overtime hours worked under its day-rate plan (by paying straight time for overtime hours instead of half-time for those hours), which offset the unpaid breaks. *Id.* at 6-8, 13-14.

**[*26]**

This argument, however, fails because, as demonstrated *supra,* the undisputed evidence shows that Hoogland's Nursery did not use a valid day-rate plan to compensate its employees for overtime hours worked. As a result, there is no basis to conclude that Hoogland's Nursery "overpaid" for overtime hours and that such "overpayment" can offset the liability for this unpaid break time. The district court thus correctly concluded that Hoogland's Nursery is liable for the amounts deducted for compensable break periods.

II.

THE DISTRICT COURT PROPERLY AWARDED LIQUIDATED DAMAGES BECAUSE HOOGLAND'S NURSERY FAILED TO ESTABLISH THAT IT HAD REASONABLE GROUNDS TO BELIEVE THAT ITS COMPENSATION PRACTICES COMPLIED WITH THE FLSA [17]

---

[14] This Court examined whether the employer knew or had the opportunity through reasonable diligence to learn that children were working at his facility, and concluded that the employer had such opportunity and therefore was liable for the FLSA violations. *See Gulf King, 407 F.2d at 512-13.*

[15] In practice, Hoogland's Nursery docked employees for one hour of lunch. However, employees were given only 30 minutes to eat lunch. Hoogland's Nursery docked the other 30 minutes based on two 15-minute breaks that it estimated the employees took in using the bathroom, drinking water, and talking with co-workers. R. Dkt. No. 26 at 3; R. Dkt. No. 16-3 and 16-5.

[16] The Department's regulation on rest breaks of 5 to 20 minutes provides that they must be counted as hours worked and are customarily paid for as working time. *See 29 C.F.R. 785.18.* Only bona fide meal periods, as distinct from coffee or snack breaks, where an employee is completely relieved from duty for a period of 30 minutes or more, are unpaid non-work time. *See 29 C.F.R. 785.19.*

[17] The Secretary seeks affirmance of the district court's decision on this issue on the grounds the district court ruled - that even if Hoogland's Nursery had shown subjective good faith, it did not show an objectively reasonable belief that it was in compliance with the FLSA.

1. Under section **[*27]** 16(c) of the FLSA, the Secretary may recover unpaid wages and an additional equal amount in liquidated damages if an employer violates section 7 of the FLSA. See 29 U.S.C. 216(c). Liquidated damages are considered compensatory, not punitive. See Reich v. Southern New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir. 1997) (citing Brooklyn Sav. Bank v. O'Neill, 324 U.S. 697, 707 (1945)); Martin v. Cooper Electric Supply Co., 940 F.2d 896, 907 (3d Cir. 1991). They compensate employees for losses suffered because of the failure to receive their lawful wage in a timely manner. See Southern New England Telecomm., 121 F.3d at 71; Cooper Electric Supply, 940 F.2d at 907. "Double damages are the norm, single damages the exception[.]" Walton v. United Consumers Club, Inc., 786 F.2d 303, 310 (7th Cir. 1986).

A district court can, in its discretion, decline to award liquidated damages only if the employer demonstrates that it acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA. See 29 U.S.C. 260 **[*28]** . In other words, even if the district court concludes that the employer acted in good faith and in an objectively reasonable manner, the court still retains the discretion to award liquidated damages; liquidated damages, however, are mandatory under the FLSA absent a showing by the employer of both good faith and a reasonable belief that it was in compliance. See Heidtman, 171 F.3d at 1042; Bernard v. IBP, Inc., 154 F.3d 259, 267 (5th Cir. 1998); Reich v. Tiller Helicopter Servs., Inc., 8 F.3d 1018, 1031 (5th Cir. 1993); Mireles v. Frio Foods, Inc., 899 F.2d 1407, 1415 (5th Cir. 1990); LeCompte, 780 F.2d at 1263. As this Court stated in Lee v. Coahoma County, 937 F.2d 220, 226-27 (5th Cir. 1991), the district court has discretion to decline to award liquidated damages only if the employer shows that its "action which violated the FLSA was taken in good faith, which good faith was supported by reasonable grounds for believing that the actions complied with the FLSA[.]"

Good faith and reasonableness are "dual and specific" requirements that an employer must satisfy to avoid liquidated **[*29]** damages, and therefore are "interpreted strictly[.]" Lee, 937 F.2d at 227. "[A]n employer faces a substantial burden" in making this showing. Singer, 324 F.3d at 823 (internal quotation marks and citations omitted); see Vega v. Gasper, 36 F.3d 417, 427 (5th Cir. 1994); Brock v. Wilamowsky, 833 F.2d 11, 19 (2d Cir. 1987) (the employer's burden of proof is a "difficult one to meet").

The good faith requirement is a subjective standard that requires the employer to show that it had "an honest intention to ascertain and follow the dictates of the Act[,]" and to take "affirmative steps to ascertain the Act's requirements." Cooper Electric Supply, 940 F.2d at 907-08 (internal quotation marks and citation omitted); see Chao v. Barbeque Ventures, LLC, 547 F.3d 938, 942 (8th Cir. 2008). The reasonableness requirement is an objective standard that requires the employer to show that its position was objectively reasonable. See Barbeque Ventures, 547 F.3d at 942; Cooper Electric Supply, 940 F.2d at 907-08. The Ninth Circuit has explained that the employer **[*30]** must show that "it had reasonable grounds for believing that its conduct complied with the Act." Local 246 Utility Workers Union v. Southern California Edison Co., 83 F.3d 292, 298 (9th Cir. 1996) (internal quotation marks and citation omitted). "Ignorance alone will not exonerate the employer under the objective reasonableness test." Williams v. Tri-County Growers, Inc., 747 F.2d 121, 129 (3d Cir. 1984). Further, "[w]illfulness is not the correct standard for determining whether liquidated damages should be reduced or eliminated." Brown v. Fred's, Inc., 494 F.3d 736, 743 (8th Cir. 2007).

2. On appeal, Hoogland's Nursery asserts that liquidated damages should not have been awarded because it used a valid day-rate compensation plan until its non-management bookkeeper changed the compensation practice without authorization. Br. at 16. It also argues that under its allegedly valid day-rate compensation plan, it overpaid its employees for overtime hours, and that this overpayment demonstrates its good faith. *Id.* at 5. Lastly, it contends that it should not be required to pay liquidated damages because it had no cause to investigate **[*31]** the bookkeeper's actions in light of the fact that no employee had complained about his compensation. *Id.* at 17.

Hoogland's Nursery cannot satisfy its burden by asserting that its compensation practices that violated the FLSA resulted from the unauthorized actions of its non-managerial bookkeeper. This Court specifically rejected a similar argument in LeCompte, 780 F.2d at 1262-63. There, despite the employer's official company policy prohibiting employees from working unauthorized overtime, employees' supervisors ignored this policy by pressuring employees to work overtime hours and by falsifying records to disguise the overtime hours worked. *See* id. at 1262. The district court had declined to award liquidated damages based on its conclusion that the employer's official policies showed the employer's good faith attempt to comply with the FLSA and its reasonable belief that it was not violating the FLSA. *See id.* This Court held that the district court had erred:

> Despite our sympathy with the equities that prompted the district court's determination, it does not conform to the statute or the law of this circuit . . . . This circuit **[*32]** has stated plainly that an employer cannot satisfy its dual burden under § 260 solely by suggesting that lower-level employees are responsible for the violations[.]

Id. at 1262-63. [18] Thus, the "unauthorized" actions by lower-level employees are not sufficient to satisfy the employer's burden to avoid liquidated damages under 29 U.S.C. 260. In the present case, Hoogland's Nursery did not take steps to ensure that its compensation practices, as implemented by its non-managerial bookkeeper, complied with the FLSA. [19] Even if this situation arguably satisfies the subjective good faith requirement, it surely fails the objectively reasonable requirement. [20]
 **[*33]**

Lastly, Hoogland's Nursery's argument that it should not be liable for liquidated damages because it had no cause to investigate the bookkeeper's actions given the lack of complaints from employees is unavailing. Hoogland's Nursery was responsible for the actions of its bookkeeper notwithstanding the lack of any complaints by employees. Moreover, the failure of employees to complain does not establish that the employer **[*34]** had reasonable grounds to believe that its actions complied with the FLSA. See Martinez v. Food City, Inc., 658 F.2d 369, 376 (5th Cir. 1981) (the lack of complaints by employees about employer's violations of the FLSA are not the "reasonable grounds" contemplated by 29 U.S.C. 260).

In sum, in the absence of showing objectively reasonable behavior, as the district court correctly concluded was the case here, the FLSA required the court to award liquidated damages. The district court had no discretion to decline to do so.

**CONCLUSION**

For the foregoing reasons, this Court should affirm the district court's grant of partial summary judgment for the Secretary.

Respectfully submitted,

DEBORAH GREENFIELD
Acting Deputy Solicitor

WILLIAM C. LESSER
Acting Associate Solicitor

PAUL L. FRIEDEN
Counsel for Appellate Litigation

/s/ Rachel Goldberg
RACHEL GOLDBERG
Attorney
U.S. Department of Labor
200 Constitution Avenue, N.W.
Room N-2716
Washington, D.C. 20210
(202) 693-5555

---

[18] The Seventh Circuit confronted a similar situation in Shea v. Galaxie Lumber & Const. Co., 152 F.3d 729, 733 (7th Cir. 1998), in which the court rejected the employer's assertion that its actions were reasonable based on the fact that the employee who was owed overtime was herself responsible for certain payroll tasks. Citing LeCompte, the Seventh Circuit noted not only that the employee at issue who was responsible for certain payroll tasks was a lower-level employee, and there was no reasonable basis for the employer to assume that she was an expert on the FLSA, but also that the employer did nothing to ensure its compliance with the FLSA. See id; see also Barbeque Ventures, 547 F.3d at 942 (given the sophistication of management, it was proper in the context of upholding an award of liquidated damages to conclude that the employers were aware of the occurrence of practices that violated the FLSA).

[19] Moreover, as noted supra, the undisputed evidence showed that Hoogland's Nursery did not consistently pay its employees a flat rate prior to the bookkeeper's tenure at Hoogland's Nursery (i.e., it did not pay employees a flat sum when they stopped working before noon or it appeared that it might rain).

[20] The undisputed fact is that Hoogland's Nursery did not consistently pay a flat sum to its employees regardless of the hours they worked. Thus, as described supra, it did not "overpay" its employees for overtime hours, and therefore cannot use this argument to show either good faith or an objectively reasonable belief that it was in compliance with the FLSA.

2010 U.S. 5th Cir. Briefs LEXIS 61, *34

CERTIFICATE OF SERVICE

I certify that the brief for the Secretary of Labor was served, either electronically or by first-class U.S. mail, **[*35]** on the following individuals on this 5th day of February, 2010:

Bruce Denny, Esq.
Denny, Gerhardt & Benson
209 Polk Street
Mansfield, LA 71052

/s/ Rachel Goldberg
Rachel Goldberg
Attorney
U.S. Department of Labor
Office of the Solicitor
Room N2716
200 Constitution Avenue, N.W.
Washington, D.C. 20210
(202) 693-5555

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(5) and (7). This document is monospaced, has 10.5 or fewer characters per inch, and contains 6,534 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), based on the word count provided by my word processor and Microsoft software.

/s/ Rachel Goldberg
RACHEL GOLDBERG
Attorney for the U.S. Department of Labor

Dated: February 5, 2010

End of Document