IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DARREN TURNER, on behalf of himself and others similarly situated, | ) )  ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, |
| vs. |
| BFI Waste Services, LLC d/b/a Republic Services; Republic Services of South Carolina, LLC d/b/a Republic Services; and Republic Services, Inc., |
| Defendant. |

No. 2:16-cv-02864-DCN

**ORDER**

This matter is before the court on a motion for approval of proposed notice and consent forms filed by defendants BFI Waste Services d/b/a Republic Services, Republic Services of South Carolina, LLC d/b/a Republic Services, and Republic Services Inc. (collectively "Republic"). For the reasons set forth below, the court denies Republic's motion.

## I.  BACKGROUND[1]

Turner is a residential waste disposal driver for Republic. Turner originally worked at Republic's North Charleston, South Carolina location. On April 22, 2014, he transferred to Republic's Concord, North Carolina location. For completing his trash collection route, Turner was paid a "day rate," which was $135.00 per day at the time of his initial hire in North Charleston, South Carolina and $152.13 per day in Concord, North Carolina. ECF No. 44 at 2. In addition to this day rate, Turner was paid on an

---

[1] All facts are presented in the light most favorable to the plaintiff.

1

hourly basis for a variety of required tasks, including: (1) "help pay" for time spent collecting trash on another employee's route, and (2) "downtime" for when his truck was inoperable, when he was attending a safety meeting, or when he was training another driver. The hourly rates were added together with the "day rate" to come to the "total wages" for the week, which was divided by the total number of hours worked during the week to arrive at the "regular rate" of pay. When calculating overtime, Republic would pay half of that regular rate as the overtime premium.

After Turner began his employment at the North Charleston, South Carolina location of Republic, he was allegedly regularly required to work more than 40 hours per week. Turner alleges that he and other drivers received only half-time pay for hours worked over 40, instead of receiving overtime at a rate of time and a half the "regular rate" based on a 40-hour work week. On August 17, 2016 Turner filed suit citing violations of the FLSA's overtime provisions, alleging that: (1) Republic miscalculated his and other drivers' regular rate of pay, paying them overtime at an illegally low rate of pay ("regular rate theory"), and (2) Republic automatically deducted a thirty minute meal break each shift even though drivers regularly worked through the meal period, thus failing to pay all owed overtime ("meal break theory").

On August 7, 2017, the court granted Turner's motion for conditional class certification. Republic filed a motion for approval of proposed notice and consent forms on August 29, 2017, ECF No. 55. Turner responded on September 1, 2017, ECF No. 56, and Republic replied on September 8, 2017, ECF No. 57. The motion has been fully briefed and is now ripe for the court's review.

## II.  DISCUSSION

Republic moves for the court to approve its proposed notice and consent forms, arguing that in its August 7, 2017 order granting Turner's motion to certify the class and denying Republic's motion for partial summary judgment, ECF No. 54, ("the Order") the court granted conditional certification only as to the regular rate claim.  Republic contends that under its interpretation of the Order, the notice and consent forms should reflect that the meal break claim was not conditionally certified, and that the consent forms should be limited to the regular rate claim.  Turner's proposed notice form, on the other hand, includes the meal break claim, and the consent form defines the FLSA action as one for "owed wages" under the statute as opposed to restricted to the regular rate claim.  To resolve this motion, the court must determine whether conditional certification under the FLSA operates on a claim-by-claim basis or for the action as a whole.  This issue is narrow but appears to be one of first impression within this circuit.  In line with the plain language of FLSA § 216(b), Prickett v. DeKalb County, 349 F.3d 1294 (11th Cir. 2003) and its progeny, and keeping in mind the remedial purpose of the FLSA, the court finds that conditional certification operates as to the FLSA action as a whole such that opt-in plaintiffs are opting into every FLSA claim alleged in an FLSA action.

In the Order, this court "grant[ed] Turner's motion for conditional class certification."  Turner v. BFI Waste Servs., LLC, 2017 WL 3385911, at *1 (D.S.C. Aug. 7, 2017).  Republic contends that the court's language in granting Turner's motion "in full" did not extend to the meal break claim.  Granted, the court states that it "need not delve into the merits of the meal break claim." Id. at 7.  However, at no point does the court actually deny conditional certification on Turner's meal break claim.  Because the

3

court determined that the regular rate claim was "enough for the survival of the FLSA overtime claim" it did not reach the merits of the meal break claim.  The court intended the Order to serve as a conditional certification of the FLSA "overtime claim," which it interpreted to be premised on "two adequate and independent grounds—first, that Republic improperly calculated the regular rate for the payment of overtime, and second, that Republic improperly instructed drivers to routinely work through their meal breaks." Id. (emphasis added).  However, even assuming that the meal break theory and the regular rate theory are two FLSA claims as opposed to two theories for the FLSA overtime claim, the court now holds that Turner may proceed with his proposed notice and consent forms because conditional certification operates as to the FLSA action as a whole.

It's always a good idea to start with the plain language of the FLSA.  Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth., 539 F.3d 199, 210 (3d Cir. 2008) ("Congress expresses its intent through the ordinary meaning of its language and therefore [a court's evaluation of conflicting interpretations of a statute] begin[s] with an examination of the plain language of the statute.").  Section 216(b) of the FLSA, which authorizes a plaintiff to sue his or her employer for overtime or wage law violations, authorizes "[a]n action to recover the liability prescribed" by the FLSA and provides that, by consenting in writing, or "opting in," an employee may become a plaintiff to "any such action." 29 U.S.C. § 216(b) (emphasis added).  The statute does not say that an employee may become a plaintiff to any such "claim."  If Congress wished to parse out that plaintiffs needed to opt in to each FLSA claim, it would have replaced the word "action" with "claim" in § 216(b).  It did not do so.  Therefore, the plain language of the

FLSA weighs in favor of finding that plaintiffs opt-in to a FLSA action, not just a FLSA claim.

In addition to the plain language of § 216(b), the Eleventh Circuit's opinion in Prickett also guides this court in finding that once a collective action has been certified, FLSA plaintiffs opt in to an action as a whole as opposed to a claim-by-claim basis. In Prickett, the named plaintiffs filed a motion to amend the complaint to add a third FLSA claim after several hundred additional plaintiffs joined the class. Prickett, 349 F.3d at 1296. The lower court held that "[FLSA] § 216(b) requires opt-in plaintiffs to submit new consent forms, i.e., that [the additional plaintiffs] opt in again, in order to be considered as plaintiffs in regard to any FLSA claim which was not in the complaint as it stood at the time they originally joined." Id. at 1296–97. The Eleventh Circuit disagreed, holding that FLSA opt-in plaintiffs "do not opt-in or consent to join an action as to specific claims, but as to the action as a whole." Prickett, 349 F.3d at 1297 (emphasis added).

Courts interpreting Prickett have held that where multiple FLSA claims are alleged, employees who opt in to a FLSA collective action become parties to any and all FLSA claims alleged by the named plaintiffs.[2] For example, in Fengler v. Crouse Health Sys., Inc., 634 F. Supp. 2d 257, 263 (N.D.N.Y. 2009), the court held the FLSA to require

---

[2] During the hearing, Republic referenced the recent decision in Hart v. Barbeque Integrated, Inc., 2017 WL 4812591, at *1 (D.S.C. Oct. 25, 2017). The Hart court undertook a claim-by-claim analysis on plaintiff's motion for conditional certification, granting conditional certification on some claims but declining to certify others. However, the motion before the Hart court was at the conditional certification stage. At no point does the Hart court address the type of notice that should be sent out to potential opt-in plaintiffs after an FLSA action has already been conditionally certified. Indeed, the Hart court addresses neither § 216(b) nor Prickett. Because the procedural posture of Hart differs from the case at hand, the court finds that it is distinguishable.

that "once a potential plaintiff opts in, that person is a party to the <u>action</u>, not just to a <u>claim</u>."  The <u>Fengler</u> court held that it was error to include a paragraph on the consent form that limited opt-in plaintiffs' FLSA claims to those for time worked during unpaid meal breaks when other FLSA claims had also been alleged by the named plaintiffs.  <u>Id.</u>  Similarly, in <u>Morrow v. Cty. of Montgomery, Pa.</u>, 2014 WL 348625 (E.D. Pa. Jan. 31, 2014), the court held that opt-in plaintiffs did not need to file additional motions for certification for their overtime premium claims under the FLSA where only the claim that had been conditionally certified was that correctional officers had not been paid for work performed before and after their scheduled shifts.  The <u>Morrow</u> court reasoned that requiring plaintiffs to file additional motions for certification for the pre- and post-shift claims was unnecessary, as "[c]ourts have held that FLSA opt-in plaintiffs can join <u>the entire action</u>, and are not required to renew consent for claims added by amendment after they have joined."  <u>Id.</u> at *6.  <u>See</u> <u>also</u> <u>Colozzi v. St. Joseph's Hosp. Health Center</u>, 275 F.R.D. 75, 81 (N.D.N.Y. 2011) (individuals who opt-in to the FLSA collective action do not just opt-in as to a claim, but instead opt-in to the action in its entirety).

  Republic attempts to distinguish <u>Prickett</u> as a case that governs how to interpret the consent forms for opt-in plaintiffs, as opposed to whether conditional certification should be granted to the action as a whole.  Republic argues that the Eleventh Circuit's subsequent decision in <u>Albritton v. Cagle's, Inc.</u>, 508 F.3d 1012 (11th Cir. 2007) supports the proposition that <u>Prickett</u> is a case about the interpretation of consent forms.   It is true that the <u>Albritton</u> court held that "the lesson from <u>Prickett</u> is that we must interpret consent forms according to the plain meaning of their language."  <u>Id.</u> at 1018.  However, <u>Albritton</u> simply refused to extend <u>Prickett</u> to a case where employees filed a FLSA suit

about compensation owed for time "donning and doffing" sanitary clothing necessary for work three years after filing an ultimately-decertified FLSA suit. The court is able to reconcile Prickett, where the court clearly held that opt-in plaintiffs opt in to the FLSA "action as a whole," and Albritton, where the court held that opt-in plaintiffs' consent to a lawsuit filed three years prior did not extend to the current lawsuit. The court is particularly persuaded by the following discussion of an "action" under § 216(b) by the Albritton court:

> [§ 216(b)] instructs us that, "No employee shall be a party plaintiff to any such action [under the Fair Labor Standards Act] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b) (emphasis added). When the attorneys filed these two new lawsuits, they commenced new actions- distinct from the original [] action to which the plaintiffs had consented to opt into and be bound by. Having initiated new actions, § 216(b) required the attorneys to file new consents with the court.

The Albritton court clearly states that the filing of new lawsuits is the commencement of new "actions" within the meaning of § 216(b). It does not, however, interpret the term "action" to mean new "claims" within one FLSA action. Certainly, a case that is filed years after the initial FLSA suit cannot be combined with the initial FLSA suit to form one collective "action" under § 216(b). But it is in line with Albritton to find that multiple claims that are brought in one FLSA action—such as the meal break claim and the regular rate claim here—constitute one "action" under § 216(b).

It is also persuasive that a number of courts have held that where opt-in plaintiffs have opted in to FLSA claims, those plaintiffs are also a party to any state law claims filed in the new hybrid suit. See Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 90 (S.D.N.Y. 2001) (Holding that opt-in plaintiffs who had opted into an FLSA collective action have the "same rights" as the named plaintiffs with regard to the state

7

law claims in the case); see also Hicks v. T.L. Cannon Corp., 35 F. Supp. 3d 329, 339 (W.D.N.Y. 2014) (Finding that opt-in plaintiffs who consented to be a plaintiff in "any Fair Labor Standards Act action of unpaid wages" also opted into state law wage payment claims.), Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001) (finding that supplemental state claims of plaintiffs who opted into a FLSA action under FLSA § 216(b) would not be dismissed because the opt-in plaintiffs "should have the same rights as the named Plaintiffs to have all their related claims adjudicated in the same forum").

Ultimately, the FLSA is a remedial statute that "has been construed liberally to apply to the furthest reaches consistent with congressional direction." Prickett, 349 F.3d at 1296. Construing the language of § 216(b) liberally in favor of the employees, this court follows Prickett and the many courts that have interpreted it to hold that once a FLSA action has been conditionally certified, opt-in plaintiffs become parties to the FLSA action as a whole. Therefore, Republic's motion is denied.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** Republic's motion for approval of proposed notice.

**AND IT IS SO ORDERED**.

                              **DAVID C. NORTON**
                              **UNITED STATES DISTRICT JUDGE**

**November 14, 2017**
**Charleston, South Carolina**